UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CINSEREE JOHNSON, ) | CASE NO. 1:09 CV 992 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| TERRANCE KENNEALLY, ) | AND ORDER |
| ) | |
| Defendant. ) | |

On April 29, 2009, plaintiff <u>pro se</u> Cinseree Johnson, filed this *in forma pauperis* action against Ohio Attorney Terrance Kenneally. The complaint alleges Kenneally represented Matthew Norman. After Norman died, plaintiff was appointed administrator of his estate. Plaintiff complains Kenneally respresented her, and continues to represent her, in an unauthorized manner. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although <u>pro se</u> pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is
(continued...)

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

This action lacks an arguable basis in law. There are no facts set forth in the complaint suggesting a proper basis for this court's jurisdiction, as the parties are both in Ohio and no federal statute is implicated by plaintiff's claim.[2] This action is therefore appropriately subject to dismissal under section 1915(e). *Lowe v. Hustetler*, No. 89-5996, 1990 WL 66822 (6th Cir. May 21, 1990).

Accordingly, the application to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*[signature]* 5/13/09
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

(...continued)
dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] Plaintiff asserts violation of "due process," but there is no suggestion defendant acted "under color of state law." See, 42 U.S.C. § 1983.

2